IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE PEDRO MAYA, § | | |
| #49182-177, § | | |
|     Movant, § | | |
| § | CIVIL NO. 3:22-CV-1359-K | |
| v. § | (CRIMINAL NO. 3:15-CR-43-K-1) | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
|     Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Movant Jose Pedro Maya ("Maya") filed a *pro se* amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 5). As detailed herein, Maya's amended motion to vacate sentence is **DENIED** with prejudice as barred by the statute of limitations.

### I.     BACKGROUND

After first being charged by complaint, Maya was charged in a multi-count indictment with one count of conspiracy to possess with intent to distribute a controlled substance, and one count of using, carrying, or brandishing a firearm during or in relation to a drug trafficking crime. *See* Crim. Docs. 1, 3. He pled guilty under a plea agreement to the conspiracy count. *See* Crim. Docs. 107, 119. By amended judgment dated February 11, 2016, he was sentenced to 216 months' imprisonment and five years of supervised release. *See* Crim. Doc. 240. He did not appeal the amended judgment.

His *pro se* "Motion for Correction of Clerical Error," received on June 15, 2022,

was construed as a first motion to vacate sentence under 28 U.S.C. § 2255, and this action was opened. *See* Crim. Docs. 250-51; Docs. 2-3. By order dated July 6, 2022, Maya was provided with the required warnings and instructions under *Castro v. United States*, 540 U.S. 375, 383 (2003), and he was given an opportunity to amend his filing if he intended to proceed with a Section 2255 motion. *See* Doc. 4. Maya's amended Section 2255 motion was received on July 19, 2022. *See* Doc. 5. In it, Maya claims that his sentence was erroneously enhanced, his guilty plea was unlawfully induced, and his counsel rendered ineffective assistance. *See id.* at 7.

Because Maya's amended Section 2255 motion appeared untimely, the Court directed him to respond regarding the application of the one-year limitations period. *See* Docs. 7, 9, 10. Its most recent order directing a response from Maya was sent on April 4, 2024. *See* Doc. 10. Maya has not responded to the orders and has not filed anything else in this action.

## II.   STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest ofB
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevent from

>   making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Maya's conviction became final on February 25, 2016, when the fourteen-day period for appealing his amended criminal judgment expired. *See* Fed. R. App. P. 4(b)(1)(A)(i) (providing 14 days to appeal a criminal judgment); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). He does not allege that government action prevented him from filing a Section 2255 motion earlier, and he has not alleged any newly recognized right. *See* 28 U.S.C. §§ 2255(f)(2), (3).

The facts supporting Maya's claims were known or could have become known through the exercise of due diligence prior to the date his conviction became final. Because the date his conviction became final is the latest date under 28 U.S.C. § 2255(f), the one-year statute of limitations began to run from that date, February 25, 2016. Maya did not file his Section 2255 motion until approximately six years later, so it is untimely in the absence of equitable tolling or a showing of actual innocence.

A.   **Equitable Tolling**

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "The doctrine of

equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)) (internal quotation marks omitted). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605 (5th Cir. 2006). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[E]quity is not intended for those who sleep on their rights." *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Further, the movant bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Maya has not provided any basis for equitably tolling the limitations period. Because he has not met his burden to establish circumstances warranting equitable tolling, his Section 2255 motion is untimely.

B.    **Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court determined that the one-year statute of limitations for Section 2255 motions can be overcome by a showing of actual innocence. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).  It must persuade a district court that it is more likely than not that no reasonable fact-finder would have found the movant guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial.  *Id.* (citing *McQuiggin*, 569 U.S. at 386). "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met."  *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

There is a split among district courts about whether *McQuiggin* applies to a guilty plea case, as here.  *See Thomas v. Stephens*, 4:13-CV-875-A, 2014 WL 929031, at *3 (N.D. Tex. Mar. 7, 2014) (citing cases).  Even if *McQuiggin* applies, however, Maya has not alleged that he is actually innocent.  He has therefore failed to overcome the statute of limitations, and his Section 2255 motion is time-barred.

### III.     CONCLUSION

For the aforementioned reasons, Maya's *pro se* amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 5) is **DENIED** with prejudice as barred by the statute of limitations.

SO ORDERED.

Signed May 28th, 2024.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE